FILED

2017 DEC -4 PM 4:03

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SUSAN FENNELL, individually and on
behalf of all others similarly situated,

    Plaintiff,

vs.

NAVIENT SOLUTIONS, LLC and XEROX
EDUCATION SERVICES LLC d/b/a ACS
EDUCATION SERVICES k/n/a CONDUENT
EDUCATION SERVICES,

    Defendants.
_____/

CASE NO.: 6:17cv2083-orl-37DCI

**CLASS REPRESENTATION**

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiff, SUSAN FENNELL ("Plaintiff"), individually and on behalf of all other persons similarly situated, by and through undersigned counsel, and brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendants, NAVIENT SOLUTIONS, LLC ("Navient") and XEROX EDUCATION SERVICES LLC d/b/a ACS Education Services k/n/a Conduent Education Services ("Conduent") and states as follows:

### PRELIMINARY STATEMENT

1. This action arises out of Defendants' violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

2. This is a class action for statutory and punitive damages and costs of litigation pursuant to the TCPA.

### JURISDICTION AND VENUE

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

1

4. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2) because the matter in controversy in this civil action exceeds the sum or value of $5,000,000.00, exclusive of interests and costs, and at least one member of the putative class is a citizen of a state different from Defendants. Furthermore, the Plaintiff Class consists of at least one hundred members.

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District and Defendants transact business in this District.

## PARTIES

6. Plaintiff SUSAN FENNELL is, and at all times mentioned herein was, an individual citizen of the State of Florida, who resides in Brevard County, Florida.

7. NAVIENT SOLUTIONS, LLC ("Navient") is a foreign limited liability company as registered with the Florida Department of State, Division of Corporations and conducts business throughout the state of Florida, including Brevard County, Florida. Navient maintains its principle place of business at 2001 Edmund Halley Drive, Reston, VA 20191 and may be served with process by serving its registered agent, Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525.

8. Navient is a "person" subject to regulations under 47 U.S.C. § 227(b)(1).

9. XEROX EDUCATION SERVICES LLC d/b/a ACS Education Services k/n/a Conduent Education Services ("Conduent") is a foreign limited liability company as registered with the Florida Department of State, Division of Corporations and conducts business throughout the state of Florida, including Brevard County, Florida. Conduent is a wholly-owned subsidiary of Conduent Business Services, which is a wholly-owned subsidiary of Conduent, Inc. Conduent

maintains its principle place of business in Utica, New York and may be served with process by serving its registered agent, Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525.

10. Conduent is a "person" subject to regulations under 47 U.S.C. § 227(b)(1).

## FACTUAL ALLEGATIONS

11. The conduct of Defendants, which gives rise to the cause of action herein alleged, occurred by the Defendants' placing of unlawful telephone calls to Plaintiff's cellular telephone.

12. Defendants, at all material times, were attempting to collect a debt relating to a student loan account in the name of Plaintiff.

13. Plaintiff first revoked any prior express consent for Navient to contact Plaintiff *via* cellular telephone, or any other form of communication, *via* written correspondence to Navient in October 2014.

14. Plaintiff continued to revoke any prior express consent for Navient to contact Plaintiff *via* cellular telephone or any other form of communication by verbally requesting Navient to stop calling her cellular telephone during calls Plaintiff received to her cellular telephone from Navient.

15. Plaintiff revoked any prior express consent for Navient to call Plaintiff's cellular telephone on the following dates, including, but not limited to, in January 2015, in March 2015, on October 18, 2016, on October 27 - 28, 2016, on November 15, 2016, on January 19, 2017, on January 27, 2017, and on October 23, 2017.

16. Plaintiff also revoked any prior express consent for Navient to call Plaintiff's cellular telephone *via* text message and email in response to text messages and emails Plaintiff received from Navient.

17. Navient received and acknowledged Plaintiff's request not to be contacted *via* cellular telephone in writing on multiple occasions; however, Navient continued to call Plaintiff's cellular telephone. A copy of written correspondence dated August 7, 2017 from Navient to Plaintiff expressly acknowledging Plaintiff's request for Navient to stop contacting Plaintiff is attached hereto as Exhibit "A."

18. Plaintiff first revoked any prior express consent for Conduent to contact Plaintiff *via* cellular telephone or any other form of communication when she verbally advised Conduent to stop calling her cellular telephone on January 17, 2017.

19. Plaintiff continued to revoke any prior express consent for Conduent to contact Plaintiff *via* cellular telephone or any other form of communication by verbally advising Conduent to stop calling her cellular telephone during calls Plaintiff received to her cellular telephone from Conduent.

20. All calls to Plaintiff's cell phone were made after Plaintiff revoked any "alleged" consent and without the "prior express consent" of Plaintiff.

21. Plaintiff is the regular user and carrier of the cellular telephone number ending in -1308 and was the called party and recipient of Defendants' automatic telephone dialing system and/or artificial or prerecorded voice.

22. Defendants knowingly and/or willfully called Plaintiff's cellular telephone after Defendants had unequivocal notice from Plaintiff to cease any and all calls and after Plaintiff withdrew any prior consent or permission to be contacted.

23. Defendants knowingly and/or willfully harassed and abused Plaintiff by calling Plaintiff's cellular telephone multiple times per day after Plaintiff revoked any alleged consent for Defendants to contact Plaintiff's cellular telephone.

24. Defendants used an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiff's cellular telephone.

25. Defendants have, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of all calls made to Plaintiff's cellular telephone number ending in -1308.

26. Defendants placed unauthorized calls to Plaintiff to discuss "repayment options" on student loans and provided deadlines for Plaintiff to return the unauthorized calls.

27. Defendants' unauthorized calls demanded Plaintiff return the calls immediately and threatened that if the call was not returned then Defendants would not assist Plaintiff.

28. Defendants placed calls to Plaintiff's cellular telephone that included delays in time before the telephone call was transferred to a representative to speak.

29. Some of the representatives who called Plaintiff's cellular telephone sounded like an artificial or pre-recorded voice.

30. Defendants left messages on Plaintiff's cellular telephone that started with a delay in time before the representative joined the line to leave a message.

31. Some of the voicemail messages received by Plaintiff on her cellular telephone from Defendants sounded like an artificial or pre-recorded voice requesting a return call from Plaintiff.

32. The calls from Defendants to Plaintiff's cellular telephone continued despite Plaintiff expressly revoking her consent on multiple occasions.

33. None of Defendants' telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

34. None of Defendants' telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

35. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## CLASS ACTION ALLEGATIONS

36. Common issues predominate when, as here, liability can be determined on a class wide basis, even where there will be some individualized damages and determinations.

37. There are questions of law and fact that are common to the Plaintiff's and Class Members' claims. These common questions predominate over any question that goes particularly to any individual member of the Class. Among such common questions of law and fact are the following:

   a. Whether Defendants' conduct violated the TCPA;

   b. Whether Defendants systematically made telephone calls to consumers who revoked any prior express consent to receive telephone calls to their cellular telephones;

   c. Whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct; and

   d. Whether Defendants and their agents should be enjoined from engaging in such conduct in the future.

38. When determining whether common questions predominate, courts focus on the liability issue, and, if the liability issue is common to the class, common questions will be held to predominate over individual questions. In this case, each proposed class member owed a debt related to a student loan account, which Defendants were attempting to collect. At some point

during the life of the customers' student loan account Defendants contacted the customers *via* cellular telephone in an attempt to collect the consumer debt; however, the customers revoked any alleged express consent to be contacted *via* cellular telephone. Despite the revocation of express consent to be contacted *via* cellular telephone, Defendants continued to call the customers' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice. There are uniform and statutory damages available to class members for the Defendant's knowing non-compliance with the TCPA.

39. Prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class.

40. Plaintiffs bring this action against Defendants pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) on behalf of herself and all others similarly situated. Plaintiff seeks to certify the following class:

> **All persons within the United States who within the applicable statute of limitations received a non-emergency telephone call from Defendants to a cellular telephone through the use of an automatic telephone dialing system after revoking any prior express consent for such calls.**

41. Excluded from this class are Defendants, their affiliates, subsidiaries, agents, board members, directors, officers, and employees, and Plaintiffs' counsel.

42. Plaintiffs reserve the right to modify or amend the definitions of the proposed class before the Court determines whether certification is appropriate.

43. The individual class members are numerous and joinder of all members is impracticable.

44. The individual class members are ascertainable because the names and addresses of all class members can be identified in the business records maintained by the Defendants. Plaintiff does not anticipate any difficulties in the management of the action as a class action.

45. Plaintiff is a member of the Class. Plaintiff's claims are typical of the claims of the Class because of the similarity, uniformity, and common purpose of the unlawful conduct of Defendants. Each class member has sustained and will continue to sustain damages in the same manner as Plaintiff as a result of Defendants' wrongful conduct.

46. Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorous prosecution of this action and has retained competent counsel, experienced in litigation of this nature, to represent her. There is no hostility between Plaintiff and unnamed class members. Plaintiff anticipates no difficulty in the management of this litigation as a class action.

47. A class action is superior to individual actions in part because of the non-exhaustive factors listed below:

   a. Individual claims by class members are impractical because the costs to pursue individual claims exceed the value of what any one class member has at stake. As a result, individual class members have no interest in prosecuting and controlling separate actions, yet if the action is not prosecuted, Defendants will continue its wrongful actions;

   b. There are no known individual class members who are interested in individually controlling the prosecution of separate actions;

   c. The interests of justice will be well served by resolving the common disputes of potential class members in one forum;

    d.    Individual suits would not be cost effective or economically maintainable as individual actions;

    e.    The action is manageable as a class action; and

    f.    Attorney's fees are not recoverable under the TCPA, making it unlikely for individual claims to be prosecuted.

### COUNT I
### VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)
### (ON BEHALF OF THE TCPA CLASS)

48.    Plaintiff re-alleges and incorporates by reference each preceding paragraph as though set forth at length herein.

49.    Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

50.    Defendants used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

51.    Defendants independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendants placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

52.    The phone calls made by Defendants are considered willing and knowing violations of the TCPA, as Defendants were well aware of Plaintiff's requests to cease any and all calls to Plaintiff's cellular telephone.

53.    Furthermore, Defendants are well aware of the TCPA and its prohibitions and continued to call Plaintiff's cellular telephone *via* automatic telephone dialing system or an artificial or prerecorded voice despite having knowledge of Plaintiff's revocation of consent to be contacted, in violation of Plaintiff's privacy rights.

## JURY TRIAL DEMAND

54.     Plaintiff demands a trial by jury as to all issues presented in this Complaint.

## PRAYER FOR RELIEF

55.     WHEREFORE, Plaintiff, Susan Fennell, individually and on behalf of the Class, prays for the following relief:

- (a) An order certifying the Class as defined above and appointing Plaintiff as the representative of the Class;

- (b) An award of statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each and every call that violated the TCPA;

- (c) An increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendants' independent violations were made willfully or knowingly;

- (d) An injunction requiring Defendants and their agents to cease all telephone calling activities, and otherwise protecting the interests of the Class, pursuant to 47 U.S.C. §227;

- (e) Pre-judgment and post-judgment interest on monetary relief;

- (f) An award of reasonable attorneys' fees and court costs pursuant to F.R.C.P. 23; and

- (g) All other and further relief as the Court deems necessary, just, and proper.

Dated: November 30, 2017	Respectfully submitted,

_____
**Christopher W. Boss, Esq.**
Fla. Bar No.: 13183
BOSS LAW
Service Email: CPservice@protectyourfuture.com
9887 4th Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax: (888) 503-2182
**Attorney for Plaintiff and the Proposed Class**

_____
**W. Craft Hughes, Esq.**
Texas Bar No.: 24046123
craft@hughesellzey.com
**Jarrett L. Ellzey, Esq.**
Texas Bar No.: 24040864
jarrett@hughesellzey.com
Hughes Ellzey, LLP
2700 Post Oak Blvd., Ste. 1120
Galleria Tower I
Houston, TX 77056
Phone: (713) 554-2377
Fax: (888) 995-3335
*(Pro Hac Vice admission will be requested)*
**Attorneys for Plaintiff and the Proposed Class**

11